10-0781
Sorkin v. Devore

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                     *Circuit Judges*.

_____

ALAN M. SORKIN,

                             *Plaintiff-Appellant*,

             -v-                                          10-0781-cv

DEVORE ASSOCIATES, LLC,

                             *Defendant-Appellee*.

_____

Appearing for Appellant:     Anthony B. Corleto, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Stamford, Conn.

Appearing for Appellee:      Bruce L. Elstein, Elstein and Elstein P.C., Bridgeport, Conn.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Alan M. Sorkin appeals from the memorandum decision and order of the United States District Court for the Southern District of New York (Seibel, *J.*) granting the motion of Devore Associates, LLC to compel arbitration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In March, 2009, Devore received an order from Connecticut Superior Court granting its motion to compel arbitration of a contract dispute with Sorkin. In February, 2009, Sorkin commenced an action in New York State Supreme Court for breach of the same contract at issue in the Connecticut action. Devore removed to federal court, and then moved to compel arbitration and dismiss the complaint on the grounds that the Connecticut judgment was res judicata on the issue. The district court granted Devore's motion and this appeal followed.

For the first time on appeal, Sorkin argues res judicata does not apply, arguing that the Connecticut state decision will be set aside on his pending appeal. He also argues that the Connecticut judgment is non-final and therefore not entitled to res judicata.

Sorkin forfeited his res judicata arguments by not raising them below. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Krumme v. Westpoint Stevens Inc.*, 238 F.3d 133, 142 (2d Cir. 2000) (internal quotation omitted) While we may exercise our discretion to consider a forfeited argument "where the issue is purely legal and there is no need for additional factfinding or where consideration of the issue is necessary to avoid manifest injustice," *id.* (internal quotation omitted), there is no reason for this Court to exercise such discretion in this case. Devore's motion to compel briefed the res judicata effect of the Connecticut decision, and Sorkin's opposition papers completely ignored the argument.

Moreover, we are unpersuaded that under Connecticut law, the judgment is not final. "The standard for determining whether the Superior Court's decision is a final judgment" for estoppel purposes under Connecticut law is defined by the Restatement (Second) of Judgments. *Zabelle v. Coratolo*, 816 F. Supp. 115, 120 (D. Conn. 1993). The Restatement provides in relevant part that:

> A judgment otherwise final for purposes of the law of res judicata is not deprived of such finality by the fact that time still permits commencement of proceedings in the trial court to set aside the judgment and grant a new trial or the like; nor does the fact that a party has made such a motion render the judgment nonfinal. This is the case even when a statute or rule of court provides that the judgment cannot be executed upon or otherwise enforced during the period allowed for making such a motion and the further period until the motion if made is decided. The judgment ceases to be final if it is in fact set aside by the trial court, as it would be upon the granting of a motion for a new trial.

Restatement (Second) of Judgments, § 13(f). Importantly, the decision that the district court found to be res judicata in this case was the original default decision, from which no appeal was taken. Given this, under Connecticut law the pending appeal from the denial of his motion to open would

not render the underlying judgment nonfinal.

We have examined the remainder of Sorkin's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk